UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CEDRICK D. JOHNSON, | ) | NO. CV 20-9852-CAS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| R. DIAZ, ET AL., | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner, filed a "Petition for Writ of Habeas Corpus" on October 27, 2020. The Petition seeks to challenge a 2008 Los Angeles Superior Court criminal judgment. Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Johnson v. McDonald, CV 10-6800-CAS(E). On February 3, 2011, this Court entered Judgment in Johnson v. McDonald, CV 10-6800-CAS(E), denying and dismissing the prior petition with prejudice. The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of

///

///

appealability on August 22, 2012.[1]

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals. Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain

---

[1] The Court takes judicial notice of the Ninth Circuit dockets, including the docket in Petitioner's appellate case, Johnson v. McDonald, United States Court of Appeals for the Ninth Circuit case number 11-55690, available on the PACER database at www.pacer.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

Petitioner's apparent attempt to focus on the state courts' recent post-conviction rulings does not avoid the "second or successive" bar. At base, Petitioner still seeks to avoid the consequences of the 2008 Superior Court sentence he is being compelled to serve. Moreover, "federal habeas relief is not available to address alleged procedural errors in state post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); see Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989) (holding that allegations of error in state's post-conviction review are not addressable through habeas corpus proceedings); cf. 28 U.S.C. § 2254(a) (limiting federal habeas corpus relief to cases in which there has been a "violation of the Constitution or laws or treaties of the United States"). More specifically, the summary nature of a state court's ruling on a habeas corpus petition does not offend the federal constitution. See, e.g., Owens v. Nool, 2010 WL 144364 (N.D. Cal. Jan. 5, 2010) (dismissing habeas petitioner's claim that the California Court of Appeal "erred in failing to state, in a written opinion, its reasons for denying petitioner's petition"); Stewart v. Sisto, 2008 WL 5178835, at *1 (E.D. Cal. Dec. 10, 2008) ("there is no federal constitutional prohibition preventing state courts from disposing of [the petitioner's] post-conviction claims in a summary fashion. Nor is there a federal requirement that state courts consider post-conviction claims with a full discussion of the

1  merits").

3  Petitioner's purported "actual innocence" does not permit an
4  exception to section 2244(b)'s requirement of first obtaining
5  authorization from the Ninth Circuit Court of Appeals to file a second
6  or successive petition.  See Gage v. Chappell, 793 F.3d 1159, 1169
7  (9th Cir. 2015); Ivey v. Paramo, 2018 WL 4153147, at *3 (S.D. Cal.
8  Aug. 30, 2018); see also Woods v. Carey, 525 F.3d 886, 888 (9th Cir.
9  2008) (even when a petitioner can demonstrate he or she qualifies for
10 an exception contemplated in section 2244(b)(2), the petitioner "must
11 seek authorization from the court of appeals before filing his new
12 petition with the district court").

14 For all of the foregoing reasons, the Petition is denied and
15 dismissed without prejudice.

17 LET JUDGMENT BE ENTERED ACCORDINGLY.

19 DATED:  __October 30_____, 2020.

        _____
              CHRISTINA A. SNYDER
           UNITED STATES DISTRICT JUDGE

23 PRESENTED this 30th day of
24 October, 2020, by:

26 _____/s/_____
         CHARLES F. EICK
27 UNITED STATES MAGISTRATE JUDGE

4